UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



PRIORITY AUTO GROUP, INC.,

    Plaintiff,

v.                                    ACTION NO. 2:12cv492

FORD MOTOR COMPANY,

    Defendant.

### FINAL ORDER

On July 25, 2012, the Plaintiff, Priority Auto Group, Inc. ("Priority"), commenced an action against Ford Motor Company ("Ford") in the Circuit Court for the City of Norfolk. Priority alleged various claims arising from Ford's exercise of its contractual "right of first refusal to purchase," which thwarted Priority's attempt to purchase Kimnach Ford, Inc. ("Kimnach"), a Ford dealership in Norfolk, Virginia. On August 30, 2012, Ford removed the case to federal court, and filed its Answer to the Complaint.

The court will now address two motions pending before the court in this matter: 1) Ford's Motion for Partial Judgment on the Pleadings, filed on October 16, 2012 (ECF No. 13);[1] and

---

[1] Ford styled this Motion as a motion for <u>partial</u> judgment on the pleadings because it sought dismissal only of Counts I, II, and III of the four claims contained in Priority's Complaint. Since

2) Priority's Motion to Certify Question to the Supreme Court of Virginia, filed on April 17, 2013 (ECF No. 52). For clarity and logic, the motions will be addressed in reverse order of filing.

**I. Motion to Certify Question to the Virginia Supreme Court**

On April 17, 2013, Priority filed a Motion to Certify Question to the Supreme Court of Virginia ("Motion to Certify") and accompanying Memorandum in Support. Therein, Priority asks the court to certify to the Supreme Court of Virginia three questions related to the standing of a prospective buyer of a dealership under a Virginia statute regulating motor vehicle dealers, and to the ability of a prospective buyer to bring claims of tortious interference against a franchisor. Ford filed its Response to the Motion to Certify on April 29, 2013, to which Priority replied on May 6, 2013.

Under Rule 5:40 of the Rules of the Supreme Court of Virginia, a United States district court may certify a question of Virginia law, if such question is dispositive and there is no

---

this Motion was filed, the parties have jointly stipulated to the dismissal of Count IV, pursuant to Federal Rule of Civil Procedure 41(a)(1). Some courts have held that because Rule 41(a)(1) refers to the voluntary dismissal of an action, not of a single count, voluntary dismissal of a single claim of a multi-claim action is properly labeled an amendment under Rule 15. See, e.g., Gronholz v. Sears, Roebuck & Co., 836 F.2d 515, 518 (Fed. Cir. 1987); Management Investors v. United Mine Workers, 610 F.2d 384, 394-95 (6th Cir. 1979). Nonetheless, because the court now dismisses Counts I through III, leaving Count IV as the sole remaining count, the court accepts the parties' joint stipulation to dismissal of Count IV, which results in dismissal of the entire action.

2

controlling Supreme Court of Virginia or Court of Appeals of Virginia precedent on point. Certification, however, is never obligatory, and the decision to certify remains within the discretion of the district court. Lehman Bros. v. Schein, 416 U.S. 386, 390-91 (1974); West Am. Ins. Co. v. Bank of Isle of Wight, 673 F. Supp. 760, 764 (E.D. Va. 1987).

The court declines to exercise its discretion to certify Priority's proposed questions to the Supreme Court of Virginia. The questions Priority now seeks to certify were the central issues Judge Leonard considered in his thorough, well-reasoned Report. Although these are issues of first impression, Judge Leonard appropriately relied on persuasive authority in other jurisdictions and well-settled principles of statutory review in making his findings and recommendations, which the court now adopts.[2]

Moreover, the court cannot ignore the timing of this Motion to Certify, which was filed more than six months after Ford filed its Motion for Partial Judgment on the Pleadings, and shortly after Judge Leonard issued a recommendation adverse to Priority. The parties and the court have already expended considerable effort resolving the very issues Priority seeks now to certify; certifying the questions at this stage would not save judicial time, energy, or resources. To the contrary,

---

[2] See infra Part II.

3

certification would only unduly delay proceedings in this court. Accordingly, Priority's Motion to Certify is **DENIED**.

## II. Motion for Partial Judgment on the Pleadings

The Motion for Partial Judgment on the Pleadings ("Motion") was referred to a United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), to conduct hearings, including evidentiary hearings, if necessary, and to submit proposed findings of fact, if applicable, and recommendations for the disposition of the Motion. A hearing was conducted on January 10, 2013. Magistrate Judge Lawrence R. Leonard issued a Report and Recommendation on April 1, 2013 ("Report"), and recommended that the Motion be granted and Counts I through III of the Complaint be dismissed with prejudice. Judge Leonard found that Priority, as a prospective buyer of a Ford Dealership, has no standing under Virginia Code § 46.2-1569(3a) to sue Ford on the ground that Ford allegedly improperly exercised its right of first refusal. Judge Leonard further found that Ford's exercise of its right of first refusal does not constitute improper action under Virginia's tort of intentional interference with a contract or business expectancy. Priority filed objections to the Report on April 17, 2013, to which Ford responded on April 30, 2013. The matter is now ripe for review.

The court, having examined the objections and made <u>de novo</u> findings with respect thereto, does hereby adopt and approve in full the findings and recommendations set forth in the Report and Recommendation of Magistrate Judge Leonard, filed on April 1, 2013. Accordingly, the court **GRANTS** Ford's Motion for Partial Judgment on the Pleadings, and **DISMISSES** Counts I through III of the Complaint.

### III. Conclusion

For the reasons stated above, Ford's Motion for Partial Judgment on the Pleadings is **GRANTED**. Counts I through III of Priority's Complaint are hereby **DISMISSED** with prejudice. Additionally, pursuant to the parties' joint stipulation, the court **DISMISSES** with prejudice Count IV.[3] The court **DIRECTS** the Clerk to forward a copy of this Final Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

May 15, 2013

---

[3] See <u>supra</u> note 1.

5